UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SANDRA CORYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:07-cv-035-SEB-WGH |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

### I.  Background

Sandra Corya ("Corya") applied for Disability Insurance Benefits ("DIB") based on severe physical impairments. Her application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

Corya has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (dkt 22). For the reasons discussed below, Corya's motion (dkt 22) is **denied.**

### II.  Discussion

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only disputed point is whether the Commissioner's position was substantially justified.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the Commissioner's (ALJ's) decision in this action was deficient. The Commissioner correctly states that in its *Entry Discussing Complaint for Judicial Review* of June 12, 2008, the court remanded the ALJ's decision because it determined that one of the two errors asserted by Corya had merit. The court determined that the ALJ's decision was not supported by substantial evidence because the ALJ's rationale for rejecting opinions of treating physicians did not follow from the evidence. The court also determined, however, that the ALJ did not err in finding that Corya's arthritis was not severe.[1]

Corya asserts that she reapplied for benefits after she was denied review by the Appeals Council, and at that time she alleged no new information or disabilities. She understandably argues that this is evidence that the Commissioner's position was not substantially justified. Corya does not assert, nor does she point to any authority for the proposition, that a finding of eligibility on a new application necessarily warrants a finding that the Commissioner's position with respect to a prior denial was not substantially justified. Weighing evidence in disability proceedings is not an exact science, and the issue here is one of reasonableness.

In this case, the ALJ did not completely ignore opinions from treating sources. The ALJ set forth reasons she discounted various opinions and the court found that those reasons were inadequate. In the context of an EAJA petition, a reasonable person could disagree with the court's findings. *See Cunningham,* 440 F.3d 862 (failure to engage in any analysis is not reasonable, but failure to adequately connect the dots may be reasonable).

The court is persuaded that the Commissioner's position in the case as a whole had a reasonable basis in law and fact and, therefore, was substantially justified. Accordingly, Corya's motion for attorney fees (dkt 22) is **denied.**

**IT IS SO ORDERED.**

Date:  03/31/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Corya misstates the record when she asserts that "[t]he Court found that the ALJ's finding that Corya's arthritis is not severe is not supported by substantial evidence." (Plaintiff's Brief at 2).

Distribution:

Heidi Kendall-Sage
ECKERT ALCORN GOERING & SAGE
sage@eaglaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov